# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.	CASE NO: 6:16-cr-257-Orl-28DCI

MOHAMMED ALI LITON

## ORDER

The United States Probation Office has filed a petition to modify the conditions of Mohammed Ali Liton's supervised release to impose restrictions greater than those originally ordered by the sentencing judge. (Doc. 5). The Court held a hearing on the petition on April 20, 2017. (See Mins., Doc. 9). Because the originally-imposed conditions are sufficient to accomplish the purposes of supervised release, the petition will be denied.

## I. Background

On January 8, 2008, a jury in the Northern District of Florida returned a verdict finding Liton guilty of attempted enticement of a minor to engage in sexual activity, a violation of 18 U.S.C. § 2422(b). Using the Internet, Liton engaged in conversations with an FDLE agent posing as a fourteen-year-old girl. During those conversations, Liton solicited the person he believed to be a minor to have sex with him. At the time of the offense, Liton was 26 years old. The court sentenced Liton to 120 months in prison followed by ten years' supervised release.

The sentencing court imposed standard conditions of supervised release and some special conditions. Two of those special conditions were:

> The defendant shall not possess []or have under his control any material that depicts sexual activities with minors. The defendant shall provide the probation officer access to his personal or home computer,

including that of family members within his residence, for the specific purpose of identifying any material or communications that involve sexual activity with minors.

The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release, pursuant to 18 U.S.C. §§ 3563(b)(23) and 3583(d).

(Doc. 2 at 8 & 9). These conditions are routinely imposed in child enticement cases in the Northern District, and notably they do not preclude Liton from using a computer that can access the Internet.

On June 30, 2016, Liton was released from prison and began his term of supervised release. Before his release, Liton requested that his supervision be transferred to the Middle District of Florida, where he intended to live and work. Although transfer of jurisdiction was not formally accepted until December 14, 2016, the Probation Office in the Middle District began supervising Liton upon his June 30 release. The probation officer met with Liton and informed him that he wanted to add to the terms of Liton's supervised release two conditions that are typically imposed in the Middle District of Florida—polygraph testing and a prohibition on accessing the Internet without approval of the probation officer. Liton's probation officer instructed him not to use the Internet, and the original conditions require Liton to follow the instructions of his probation officer.

By all accounts, throughout the almost one year that Liton has been on supervised release, he has complied with all of the originally imposed conditions and has followed his probation officer's instructions. He has also maintained a stable residence and engaged in full-time employment at a dental lab. Liton is currently seeking readmission to the University of Central Florida to complete the masters of business administration program

he was attending when arrested, but he could not (without violating the instructions of his probation officer) submit his application because the school requires all applications to be submitted online.

Liton refused to agree to his probation officer's suggested formal modification of the terms of his supervised release, and consequently, on April 12, 2017, the Probation Office filed its petition to modify the conditions of supervised release. The proposed modified conditions specify:

> Without prior written approval of the probation officer, you are prohibited from either possessing or using a computer (including a smart phone, a hand-held computer device, a gaming console, or an electronic device) capable of connecting to an online service or an internet service provider. This prohibition includes a computer at a public library, an internet cafe, your place of employment, or an educational facility. Also, you are prohibited from possessing an electronic data storage medium (including a flash drive, a compact disk, and a floppy disk) or using any data encryption technique or program. If approved to possess or use a device, you must permit routine inspection of the device, including the hard drive and any other electronic data storage medium, to confirm adherence to this condition. The United States Probation Office must conduct the inspection in a manner no more intrusive than necessary to ensure compliance with this condition. If this condition might affect a third party, including your employer, you must inform the third party of this restriction, including the computer inspection provision.
>
> You shall participate and submit to polygraph testing for monitoring purposes. You shall follow the probation officer's instructions regarding the implementation of this court directive. Further, you shall contribute to the costs of such polygraphs not to exceed an amount determined reasonable by the probation officer based on ability to pay or availability of third party payment and in conformance with the Probations Office's Sliding Scale for Treatment Services.

(Doc. 5 at 1–2). Liton now agrees to the second proposed modification requiring that he submit to polygraph examination, and the Court has already entered an Order (Doc. 12) adding that condition. But Liton continues to object to the first proposed modification, which limits his access to the Internet.

3

## II. Law

Pursuant to 18 U.S.C. § 3583(e)(2), a district judge may, after considering specified factors in 18 U.S.C. § 3553(a),[1] "modify . . . the conditions of supervised release . . . pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision." Rule 32.1(c) of the Federal Rules of Criminal Procedure provides that unless waived by the person supervised, the Court must conduct a hearing before modifying a condition of supervised release.

The decision whether to modify a condition of supervised release is committed to a court's "broad discretion." United States v. Serrapio, 754 F.3d 1312, 1318 (11th Cir. 2014) (discussing probation modification and citing Burns v. United States, 287 U.S. 216, 220–21 (1932)); United States v. McClamma, No. 16-10641, 2017 WL 279492, at *2 (11th Cir. Jan. 23, 2017)[2] (finding that modification of probation conditions is analogous to modification of supervised release conditions and applying the same standard of review). Conditions of supervised release may be modified where the original terms are insufficient to meet the purposes of supervised release. See Serrapio, 754 F.3d at 1319. Modification may be granted in the absence of a violation of supervised release, see generally Serrapio,

---

[1] The § 3553(a) factors to be considered in modifying the conditions of supervised release include: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need to provide adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (6) the kinds of sentence and the sentencing range established for the defendant's offense; (7) any pertinent policy statements; (8) the need to avoid unwarranted sentence disparities; and (9) the need to provide restitution. 18 U.S.C. § 3583(e)(2) (referring to the factors in 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), & (a)(4)–(7)).

[2] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent, but they may be cited as persuasive authority. 11th Cir. R. 36-2.

4

and changed or unforeseen circumstances can justify modification, United States v. McClamma, No. 16-10641, 2017 WL 279492, at *3 (11th Cir. Jan. 23, 2017), (citing United States v. Parisi, 821 F.3d 343, 347 (2d Cir. 2016), and United States v. Evans, 727 F.3d 730, 732–33 (7th Cir. 2013)).

**III. Analysis**

The difference between the condition imposed by the sentencing judge and the modified condition requested by the Probation Office is significant. The original condition requires that Liton provide his probation officer "access to his personal or home computer . . . for the specific purpose of identifying any material or communications that involve sexual activities with minors." According to the probation officer, the Northern District has software that makes it easy to examine computers for prohibited material, but the Probation Office in the Middle District does not have that software. The suggested modification is far more intrusive, requiring Liton to obtain written permission of his probation officer before using or possessing an Internet-capable computer, including a smart phone.

Liton advances several reasons for his objection to the proposed modification. He explains that although he is able to perform some job duties without access to the Internet, the modified condition will limit his ability to excel in his work. For instance, he will not be able to engage in online training programs or participate in office billing. The more restrictive conditions will also frustrate other activities, including taking online classes in his pursuit of graduate studies at the University of Central Florida.

To be clear, the Probation Office does not seek modification because of anything Liton did or did not do. From the testimony elicited at the hearing, there appear to be several other reasons for the probation officer's request. First, imposition of the condition would improve the efficiency of probation officers' supervision of releasees. The requested

5

condition is imposed on sex offenders convicted in the Middle District, and it is easier to supervise releasees with uniform conditions. Second, Liton's probation officer is not certain that Liton is ready to have access to the Internet. The officer testified that in time, he may agree to relax this prohibition but that he is not "comfortable" doing so now. He agrees that Liton be allowed to use a computer at work so long as he does not have Internet access. But the probation officer provided no factual basis for his concern other than the nature of Liton's offense. These first and second reasons for the request are not compelling. Assuming there is inefficiency in supervising a releasee with conditions that vary from those ordinarily imposed, that factor alone does not justify modification. And the court cannot place much weight on the probation officer's subjective feeling that he is not "comfortable" with conditions currently in place. While this Court has many times in other cases imposed the condition requested by the Probation Office, the sentencing judge in this case did not believe that these severe restrictions were required.

The third reason for the proposed modification has more teeth—if implemented, the modification would bar Liton from accessing the Internet, reducing the risk that he will commit other sex crimes. On its face, the modified condition would provide greater protection to the public, an important sentencing factor under § 3553. But this Court will not gainsay the sentencing judge's imposition of conditions of supervised release. There is no doubt that the judge considered the § 3553 factors in imposing a sentence—including conditions of supervised release—that is "sufficient, but not greater than necessary, to comply with the purposes of sentencing." 18 U.S.C. § 3553(a). By all evidence available to this Court, the conditions imposed are indeed sufficient. Liton has not reoffended or violated any of the conditions. In fact, by all accounts, he has performed extraordinarily

well. After almost one year of supervision, Liton has established a stable residence, found gainful employment, and tried to resume his course work for a master's degree.

Liton's probation officer, like all probation officers in the Middle District, wants those he supervises to succeed. He makes the requested modification with that goal in mind. But under the current terms of release, Liton is well on course not only to successfully complete his supervised release but also to become a productive member of society. This is no small feat for one convicted of a federal sex crime. Liton has not violated a condition of his release, circumstances have not changed since imposition of sentence, and the current conditions of supervised release are sufficient to meet the goals of sentencing and the purposes of supervised release. Having considered the factors listed in 18 U.S.C. § 3583(e), modification of the conditions of Liton's release is not warranted.

## IV. Conclusion

For the foregoing reasons, the Probation Office's petition to modify conditions of supervision (Doc. 5) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on June 8th, 2017.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Mohammed Ali Liton

7